```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**VARDRY RENARD WEBB**                              **PLAINTIFF/COUNTER-DEFENDANT**

VS.                                      **CIVIL ACTION NO.: 3:04-CV-246BN**

**SANDRA DENISE GIVAN WEBB,**
**CECIL G. WOODS**                              **DEFENDANTS/COUNTER-CLAIMANT/**
                                        **CROSS-CLAIMANT/CROSS-DEFENDANT**
                                                **THIRD-PARTY PLAINTIFF**

VS.

**FRANKLIN D. RILEY**                                         **THIRD-PARTY DEFENDANT**

## OPINION AND ORDER

This cause is before the Court *sua sponte* on the issue of whether this Court has proper subject matter jurisdiction over this case.[1] At a status conference held on December 9, 2005, the Court directed the parties to submit briefs on this precise issue. Plaintiff Vardry Webb subsequently submitted a "Motion to Confirm Subject Matter Jurisdiction" to which Defendant Cecil Woods

---

[1] Federal courts, as courts of limited jurisdiction, "have a continuing obligation to examine the basis of their jurisdiction." MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990). A court can therefore raise the issue of subject matter jurisdiction *sua sponte* at any time. Id. The Court notes that Defendant Cecil Woods first mentioned the issue of subject matter jurisdiction in conjunction with his Answer in a pleading filed on December 7, 2004, entitled "Motion to Dismiss, Reserving All Defenses, Objections Under Rule 12 of the Federal Rules of Civil Procedure and Answer to Complaint and Counterclaim." The issue however was not raised in a separate pleading from the Answer, as required by Rule 7.2(B)(1) of Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, and the parties have never briefed the issue. Therefore, the Court now raises the issue *sua sponte*.

responded.[2] Having considered the parties submissions, as well as supporting and opposing authority, the Court finds that it does not have proper subject matter jurisdiction over this action.

## I. Factual Background and Procedural History

Plaintiff Vardry Webb ("Mr. Webb"), a resident of California, brings this action against his ex-wife, Defendant Sandra Webb ("Ms. Webb"), a resident of Alabama and/or Louisiana and her attorney, Defendant Cecil Woods, a resident of Mississippi. Mr. Webb alleges that Ms. Webb forged his signature on a "Joint Complaint for Divorce" and an accompanying settlement agreement that was filed in the Chancery Court of Harrison County, Mississippi, in 2001. Mr. Webb further alleges that as Ms. Webb's attorney, Woods was grossly negligent in not ensuring the accuracy of the divorce petition.

In 1997, Ms. Webb filed a divorce action against Mr. Webb in California. Prior to finalization of that divorce, Ms. Webb "disappeared" from California with the couples minor child. Ms. Webb apparently moved to Alabama with the child. On March 21, 2001, Ms. Webb, through her attorney Defendant Cecil Woods, filed the subject divorce petition and settlement agreement in the Chancery Court of Harrison County, Mississippi. Both documents contained Mr. Webb's forged signature, and both were notarized by Franklin Riley,

---

[2] Neither Defendant Sandra Webb nor Third-Party Defendant Franklin Riley filed a Response.

an Alabama Notary Public.[3] Chancellor Wes Teel granted the divorce on May 4, 2001. Ms. Webb then took the Mississippi Judgment of Divorce to Alabama to have the child support provision of the judgment enforced by the Alabama Department of Human Resources("DHR"). Mr. Webb was first notified of the Judgment of Divorce in February 2002 when Alabama DHR contacted Mr. Webb about his delinquent child support payments. Mr. Webb subsequently instituted proceedings in the Chancery Court of Harrison County to have the Judgment of Divorce nullified and on March 26, 2003, the Judgment of Divorce was declared void.[4]

Aggrieved by Defendants actions, Mr. Webb filed this action on March 26, 2004, asserting claims of malicious prosecution, abuse of process, fraud, misrepresentation, and negligent and/or intentional infliction of emotional distress against Ms. Webb and claims of simple and gross negligence and negligent and/or intentional infliction of emotional distress against Woods.[5] In addition, Mr.

---

[3] The divorce petition also alleged that prior to separating in 1996, the Webbs lived in Mississippi. Mr. Webb contends however that he has never resided in Mississippi.

[4] In voiding the decree, Chancellor Jim Persons found that the purported signature of Mr. Webb on the petition was in fact forged. Although Woods urged Chancellor Persons to find that he had "done nothing wrong," Chancellor Persons refused to do so. However, Chancellor Persons did find that Woods was unaware of the forgery.

[5] On December 6, 2004, Woods filed a Third-Party Complaint against Third-Party Defendant Franklin Riley, the alleged notary of the forged signatures. Woods claims that Riley acted fraudulently and/or negligently in notarizing the forged signature.

Webb asserts a Fourteenth Amendment Due Process Clause claim against both Defendants.[6] In the Complaint, Mr. Webb alleges that his due process rights were first violated when he was prevented from participating in the Mississippi divorce proceedings, thereby depriving him of his custodial rights. Second, Mr. Webb asserts that Ms. Webb "illegally" used the Full Faith and Credit Act, 28 U.S.C. § 1738, and the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, by fraudulently inducing the State of Alabama to compel child support payments from Mr. Webb, thereby violating his due process rights. Based on these alleged due process violations by the private Defendants, Mr. Webb contends that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[7] Although Mr. Webb does not assert a cause of action in his Complaint by which he intends to pursue his alleged constitutional violations, the Court presumes that Mr. Webb intends to proceed under a 42 U.S.C. § 1983 cause of action.

## II.  Analysis

For a plaintiff to properly state a claim under § 1983, he must allege "(1) that he has been deprived of a right secured by

---

[6] Although Mr. Webb alleges in the Complaint that both Defendants violated the Fourteenth Amendment, in his Motion to Confirm Subject Matter Jurisdiction, he argues that only Ms. Webb acted in concert with state actors to violate his due process rights.

[7] Mr. Webb does not claim jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law." Bass v. Parkwood, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks and citation omitted). To overcoming the "under color of state law" element, a § 1983 plaintiff must allege that the deprivation of rights was a result of a "state action." Id.

Although private conduct is generally not actionable under a § 1983 due process claim, "private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be 'fairly attributable to the State.'" Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)). The Supreme Court of the United States in Lugar set forth two requirements that a plaintiff must overcome in alleging that conduct of private individuals is fairly attributable to state action.

> First, the deprivation must be *caused* by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

Lugar, 457 U.S. at 936 (emphasis added). In Lugar, a creditor, pursuant to Virginia's prejudgment attachment statute, obtained an *ex parte* writ of attachment on a debtor's property. Id. at 924. The prejudgment writ was issued by a state court clerk and then executed by the county sheriff. Id. After a court later determined that the creditor failed to meet the statutory requirements for

attachment, the debtor brought a § 1983 action against the creditor, contending that the creditor, acting in conjunction with the State, deprived him of his due process rights. Id. at 925. The complaint in Lugar contained two counts of due process violations. Id. The first count alleged that the Virginia statute was unconstitutional while the second count alleged that the debtor's due process rights were violated by the creditor's "unlawful" use of the statute. Id. Applying the "fairly attributable" two part inquiry, the Lugar Court first determined that count two did not meet the first requirement because the misuse of the statute was "in no way attributable to a state rule or a state decision." Id. at 940. However, the Supreme Court did find that count one, which challenged the constitutionality of the statute, met the first requirement. Id. at 941. The Supreme Court reasoned that "while private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute is obviously the product of state action." Id. The Lugar court also found that count one met the second requirement because the creditor was a "joint participant" with the State in taking advantage of the "state-created attachment procedures." Id. at 942.

In the case *sub judice*, Mr. Webb has asserted due process claims against private individuals; therefore, the Court must apply

6

the two-part test of Lugar to determine whether the Defendants conduct is fairly attributable to state action.

Under the first Lugar requirement, the alleged deprivation of Mr. Webb's constitutional rights must be caused by state action. The United States Court of Appeals for the Second Circuit in Dahlberg v. Becker, 748 F.2d 85, 92 (2d Cir. 1984), *cited with approval in* Richard v. Hoechst Celanese Chemical Group, Inc., 355 F.3d 345, 354 (5th Cir. 2003), faced factual circumstances that closely resemble the facts of the instant case. In Dahlberg, a husband brought a § 1983 suit against his ex-wife and her attorney after a fraudulent affidavit was used to obtain an *ex parte* court order which eventually lead to the husband's incarceration. Id. at 87-88. The defendant-attorney, who drafted the *ex parte* order, had also failed to include the proper statutory notice in the order. Applying Lugar, the court in Dahlberg found that the deprivation of rights was caused by the defendants' misuse of state law and not by the exercising of a state created right or privilege. Id. at 90-91. The Dahlberg court concluded that "[a] private party's misuse of New York's Judiciary Law that causes plaintiff to be imprisoned overnight is not fairly attributable to New York State." Id.

Similar to the allegations of count two in Lugar and the alleged deprivation in Dahlberg, the allegations of a due process violation in this case amount to a misuse of state law. Mr. Webb essentially alleges that Ms. Webb first abused the legal system of

7

the State of Mississippi in obtaining the Judgment of Divorce and further misused Alabama and federal law in having the support provision of the Judgment enforced. The Complaint however does not contain allegations that a state official acted improperly or that the laws or procedures of either state are unconstitutional. Thus, the alleged deprivation of rights was *caused* by the improper conduct of Ms. Webb – a private actor – and was not attributable to a right or privilege created by or a rule of conduct imposed by Mississippi or Alabama or one of its officials. Accordingly, the Court finds that Mr. Webb has failed to meet the first requirement of Lugar.

The Court also finds that Mr. Webb has failed to satisfy the state actor requirement of the Lugar test. Although the United States Court of Appeals for the Fifth Circuit has identified several different tests for determining whether a private party can fairly be said to be a state actor, the "nexus or joint action test" is the only test applicable to this case, based on the allegations made by Mr. Webb. Bass, 180 F.3d at 241-42 (outlining the various tests which include the public function test, state compulsion test, and the nexus or joint action test). Under the joint action test, "state action may be found where the government has so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the

enterprise." Id. (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974)).

In arguing that Ms. Webb can fairly be said to be a state actor, Mr. Webb makes the conclusory assertion that "[Ms.] Webb, a private person, acted in concert with state officials (first in Mississippi, then in Alabama) to deprive [Mr. Webb] of his fundamental constitutional rights." See Plaintiff's Motion to Confirm Subject Matter Jurisdiction, p. 6. Further, citing Lugar, Mr. Webb urges that state actors can act in concert with private actors without even having knowledge of any misconduct. Id. at 5.

Mr. Webb's reliance on Lugar is misplaced. Unlike the circumstances at hand, the finding of joint activity between state actors and private actors in Lugar was confined to the state actors' implementation of a constitutionally challenged prejudgment attachment statute. Lugar, 457 U.S. at 942. The Lugar Court however did not have the opportunity to determine whether there was sufficient joint participation between the state and private actors where the alleged constitutional violation was a result of misuse by the private party of state law.

In the context of a misuse of state law, the Fifth Circuit has required that the state actor at least have some knowledge of the private actor's wrongful conduct. Richard, 355 F.3d at 353. In Richard, a § 1983 plaintiff attempted to argue that "committing wrongful acts that influence a judgement amounts to 'joint

9

participation' with a state official." <u>Id.</u> In finding that there was no joint participation between the defendant and the judge who rendered the judgment, the court in <u>Richard</u> explained that "if a judge reaches a decision based on misinformation that counsel provides, the issuance of the decision does not imply that counsel acted under color of state law." The court pointed out that the plaintiff in <u>Richard</u> "fail[ed] to allege that the state judge was in any way involved in the misconduct."

Similarly, in <u>Dahlberg</u>, discussed *supra*, the husband-plaintiff urged that state action existed because his ex-wife and her attorney "acted in concert" with state court judges and a county sheriff in having him arrested. <u>Dahlberg</u>, 748 F.2d at 85. However, there were no allegations of a conspiracy or meeting of the minds between the private actors and state actors in the complaint, thus the court found that there was no joint participation. <u>Id.</u>

In the Complaint in this case, Mr. Webb has not alleged that any state official acted improperly or that they were ever aware of the alleged fraudulent conduct of Ms. Webb. Moreover, the fact that Ms. Webb unlawfully used a Mississippi court and Alabama DHR to further the alleged fraud against Mr. Webb is not enough to find joint activity between Ms. Webb and the States. <u>Bass</u>, 180 F.3d at 234. In <u>Bass</u>, the plaintiff, who had been involuntarily committed to a mental hospital, brought a § 1983 action against the private hospital and one of its employees for not following proper

statutory procedure in having the plaintiff committed. Dismissing the § 1983 claim against the private actors, the Bass Court held that "[t]he fact that the defendants in this case invoked the assistance of the court and police officers [in having the plaintiff committed] is not sufficient to show a nexus and joint effort between the defendants and the state." Likewise, in the case at bar, Mr. Webb cannot overcome the state actor hurdle by simply alleging that Ms. Webb invoked the assistance of the court and DHR officials.

The Court therefore finds that Plaintiff has failed to overcome both requirements set forth by the Supreme Court in Lugar to prove that the actions of Ms. Webb were fairly attributable to state action. Accordingly, Mr. Webb has failed to state a claim under § 1983 for which relief can be granted. Because Mr. Webb's § 1983 cause of action is the only basis for federal question jurisdiction, this Court does not have proper subject matter jurisdiction over this case. Accordingly, the case must be dismissed.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that this action is hereby dismissed without prejudice for lack of subject matter jurisdiction. All other motions are denied as moot. A Final Judgment will be entered

reflecting the final resolution of this matter.

SO ORDERED this the 16th day of February, 2006.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE

blj